## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LARSON-JUHL US LLC<br><br>          Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>          Defendant. | Court No. 23-00032 |

## COMPLAINT

Plaintiff Larson-Juhl, US LLC ("Larson-Juhl or "Plaintiff"), by and through undersigned counsel, alleges and states a cause of action as follows:

## CAUSE OF ACTION

1. This action is brought to contest the denial by the United States Customs and Border Protection ("CBP") of Plaintiff's protests concerning the liquidation and assessment of duties on nine (9) entries of picture frame mouldings imported at the Port of Chicago, Illinois.

## JURISDICTION AND STANDING

2. Plaintiff, Larson-Juhl, is the importer of record of the merchandise, which is the subject of this Complaint and is the real party in interest in this case.

3. Plaintiff timely protested the liquidation of the entries. The protests were denied on the dates shown on the Summons for this action.

4. All liquidated duties, taxes, and fees were paid prior to the commencement of this action.

5.      The summons for this civil action was timely filed on February 10, 2023.

6.      This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which confers "exclusive jurisdiction" to the Court over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a).

## STATEMENT OF FACTS

6.      The merchandise subject to this action is picture frame mouldings imported by Plaintiff from China.

7.      The subject products are subject to antidumping ("AD") and countervailing ("CVD") duty orders in case numbers A-570-117 and C-570-118, both of which cover Wood Mouldings and Millwork Products from the People's Republic of China.

8.      The AD and CVD rates used to calculate the loss of revenue are 220.87% and 20.56%, respectively. These are the "China-Wide Entity" AD rate in the Amended Final Antidumping Duty Determination and Antidumping Duty Order (86 Fed. Reg. 9486 (Feb. 16, 2021)), and the "All Others" CVD rate in the Countervailing Duty Order (86 Fed. Reg. 9484 (Feb. 16, 2021)). These were the rates at which the entries were to be liquidated if the manufacturer did not request an administrative review of the Orders with the Department of Commerce ("DOC").

## COUNT 1

9.      Paragraphs 1 through 25 are incorporated by reference.

10.     Plaintiff imported picture frame mouldings during the period of administrative review covering both AD and CVD Orders in A-570-117 and C-570-118. For AD, the period of

review ("POR") was August 12, 2020, through January 31, 2022. For CVD, the POR was June 12, 2020, through December 31, 2021.

11. Plaintiff did not pay AD and CVD duties during the early parts of the PORs because Plaintiff was unaware of the scope coverage of the AD and CVD cases that were ongoing.

12. Upon learning that the entries are covered by the Mouldings Orders, Plaintiff retained counsel and on June 28, 2021, filed a prior disclosure letter with CBP to avoid facing potential penalties for not paying AD and CVD duties.

13. In the prior disclosure letter, Plaintiff asked CBP to reset the entries from Type 01 (consumption) to Type 03 (consumption – antidumping and countervailing duty) and to suspend liquidation pending issuance of liquidation instructions by the DOC.

14. With the exception of Entry No. T81-7259803-9, all the other protested entries were the subject of the prior disclosure filed by the Plaintiff on June 28, 2021.

15. Although Entry No. T81-7259803-9 was not covered by the prior disclosure, its entry type should still be reset to 03 and liquidation should be suspended because it is subject to the same AD and CVD orders as the other protested entries.

16. On August 23, 2021, Plaintiff perfected the disclosure and tendered over $2 million to CBP to cover the AD and CVD duties owed.

17. CBP accepted the payment of AD and CVD duties from Plaintiff but failed to reset the entries to Type 03 and liquidated the entries between January 28, 2022, and May 20, 2022.

18. On February 15, 2022, Plaintiff requested both an AD and CVD administrative review with the DOC through its exporters Raoping HongRong Handicrafts Co., Ltd. (d.b.a. Chen Chui Global Corp.), and China Cornici Co., Ltd.

19. However, when the exporters requested the administrative reviews, the entry type remained unchanged as Type 01 and the entries were liquidated, nonetheless.

20. Under these facts, Plaintiff filed a protest request to CBP on July 7, 2022.

21. Specifically, Plaintiff protested the liquidation of its entries as Type 01 entries and alleged that the entries should have been designated as Type 03 instead, as specified in the prior disclosure, and that the liquidation should have been suspended pursuant to 19. U.S.C. § 1671b(d)(2) and 1673b(d)(2) because the entries were covered by the ongoing administrative reviews at the DOC.

22. CBP denied Plaintiff's protest on August 15, 2022.

23. CBP erred in not granting Plaintiff's protest to reset the entries to Type 03 and to suspend the liquidation.

24. The DOC issued its preliminary determination in A-570-117 and C-570-118 for Wood Mouldings and Millwork Products from the People's Republic of China where it stated that it will issue cash deposit and assessment instructions after the final results are issued. *See Wood Mouldings and Millwork Products From the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2020–2021*, 88 Fed. Reg. 14122 (March 7, 2023); *see also*, *Wood Mouldings and Millwork Products From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Preliminary Determination of No Shipments, and Rescission in Part; 2020–2022*, 88 Fed. Reg. 14139 (March 7, 2023).

25. The DOC's determination confirms that the protested entries are covered by the Mouldings Orders and that the entries should be designated as Type 03.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court to enter judgement in favor of Plaintiff and direct the Port Director at the Port of Chicago, Illinois to:

(a) Designate the protested entries as Type 03 entries instead of Type 01;

(b) Suspend liquidation of the entries pending final determination by the Department of Commerce in the AD and CVD administrative reviews;

(c) Re-liquidate the protested entries at the rate established by the Department of Commerce in the final results of the AD and CVD administrative reviews;

(d) Refund plaintiff all excess duties and fees paid, plus interest as required by law; and

(e) Provide Plaintiff with such further and additional relief as the Court may direct.

Respectfully Submitted,

/s/ Mark R. Ludwikowski
Mark Ludwikowski
R. Kevin Williams
Kelsey Christensen
Sally Alghazali

**CLARK HILL, PLC**

1001 Pennsylvania Ave. N.W.,
Suite 1300 South
Washington, DC 20004
mludwikowski@clarkhill.com

Dated: March 30, 2023