UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| LARSON-JUHL US LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 23-00032 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>**ORDER**</u>

Upon reading defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed.


_____
                                  Judge


Dated: _____
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| LARSON-JUHL US LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Court No. 23-00032 |
| UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

## **DEFENDANT'S MOTION TO DISMISS**

      Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction upon the grounds set forth in the accompanying memorandum of law.

      WHEREFORE, the United States respectfully asks this Court to enter an order granting its motion to dismiss and dismissing this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:   /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

Of Counsel:                          /s/ Hardeep K. Josan
TAYLOR R. BATES                      HARDEEP K. JOSAN
Office of the Assistant              Trial Attorney
Chief Counsel                        International Trade Field Office
International Trade Litigation        Department of Justice, Civil Division
U.S. Customs and Border              Commercial Litigation Branch
Protection                           26 Federal Plaza, Room 346
                                     New York, New York 10278
                                     (212) 264-9245 or 9230

January 8, 2024                      Attorneys for Defendant

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

_____
LARSON-JUHL US LLC,          :
                             :
            Plaintiff,     :
                             :
              v.       :
                             :    Court No. 23-00032
UNITED STATES,           :
                             :
            Defendant.  :
_____:

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

                                BRIAN M. BOYNTON
                                Principal Deputy
                                Assistant Attorney General

                                PATRICIA M. McCARTHY
                                Director

                                JUSTIN R. MILLER
                                Attorney-In-Charge
                                International Trade Field Office

                                AIMEE LEE
                                Assistant Director

Of Counsel:
TAYLOR R. BATES              HARDEEP K. JOSAN
Office of the Assistant          Trial Attorney
Chief Counsel                  International Trade Field Office
International Trade Litigation     Department of Justice, Civil Division
U.S. Customs and Border        Commercial Litigation Branch
Protection                   26 Federal Plaza, Room 346
                                New York, New York 10278
                                (212) 264-9245 or 9230

January 8, 2024               Attorneys for Defendant

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................ 2

I.   Legal Background .......................................................................................... 2

     A.  The Entry Process ................................................................................. 2

     B.  Liquidation, Errors in Liquidation, And Refunds ............................. 4

     C.  Section 1592 Penalties And Prior Disclosures ................................. 5

II.  Factual And Procedural Background ....................................................... 10

ARGUMENT ...................................................................................................... 13

I.   Standard of Review ................................................................................... 13

II.  The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) For The Eight
     Entries Covered By The Prior Disclosure ............................................ 14

III. Plaintiff Lacks Standing For Entry No. T81-7259803-9 ....................... 18

CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*3V, Inc. v. United States*,
   83 F. Supp. 2d 1351 (Ct. Int'l Trade 1999) ........................................... 19

*Apple Inc. v. United States*,
   375 F. Supp. 3d 1288 (Ct. Int'l Trade 2019) ................................... 18, 19

*ARP Materials, Inc. v. United States*,
   47 F.4th 1370 (Fed. Cir. 2022) ............................................................ 15

*CR Indus. v. United States*,
   10 CIT 561 (1986)12 ............................................................................... 13

*Eastern Transp. Co. v. United States*,
   272 U.S. 675, 47 S. Ct. 289, 71 L. Ed. 472 (1927) ............................... 13

*Hutchison Quality Furniture, Inc. v. United States*,
  827 F.3d 1355 (Fed. Cir. 2016).......................................................... 15

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...................................................................18, 19

*McMahon v. United States*,
  342 U.S. 25, 72 S. Ct. 17, 96 L. Ed.  (1951)...................................... 13

*McNutt v. Gen. Motors Acceptance Corp.*,
  298 U.S. 178 (1936) ......................................................................... 13

*Military-Veterans Advoc. v. Sec'y of Veterans*,
  Affs., 7 F.4th 1110 (Fed. Cir. 2021)................................................... 19

Mitsubishi Elecs. Am., Inc. v. United States,
  44 F.3d 973 (Fed. Cir. 1994) ............................................................ 14

*Otter Prod., LLC v. United States*,
  628 F. Supp. 3d 1306 (2023) ............................................................ 17

*Playhouse Import & Export, Inc. v. United States*,
  843 F.Supp. 716 (Ct. Int'l Trade 1994)............................................. 15

*Ruckelshaus v. Sierra Club*,
  463 U.S. 680 (1983) ......................................................................... 13

*Steel Co. v. Citizens For A Better Env't*,
  523 U.S. 83 (1998) ........................................................................... 13

*Tikal Distributing Corp. v. United States*,
  21 CIT 715 (1997)............................................................................. 7

*Travenol Lab'ys, Inc. v. United States*,
  118 F.3d 749 (Fed. Cir. 1997) ............................................................ 4

*United States. v. Nat'l Semiconductor Corp.*,
  496 F.3d 1354 (Fed. Cir. 2007)......................................................... 18

*United States v. Mitchell*,
  445 U.S. 535 (1980) ......................................................................... 13

*United States v. Parkhurst & Co.*,
  12 Ct. Cust. App. 370 (1924).............................................................. 4

ii

*Volkswagen of Am., Inc. v. United States,*
    532 F.3d 1365 (Fed. Cir. 2008)................................................................8, 16

*Wally Packaging, Inc. v. United States,*
    578 F. Supp. 1408 (Ct. Int'l Trade 1984) .................................................. 13

## **Statutes**

19 U.S.C. § 1337 ................................................................................................ 14

19 U.S.C. § 1484 ............................................................................................. 2, 3

19 U.S.C. § 1484(a)(1)(B) ................................................................................... 2

19 U.S.C. § 1485 ............................................................................................. 2, 3

19 U.S.C. § 1485(a)(3) ........................................................................................ 2

19 U.S.C. § 1500 ............................................................................................... 14

19 U.S.C. § 1500(b) ............................................................................................. 4

19 U.S.C. § 1501 ................................................................................................. 4

19 U.S.C. § 1504 ............................................................................................... 14

19 U.S.C. § 1504(a)(1) ........................................................................................ 4

19 U.S.C. § 1505(a) ......................................................................................... 2, 4

19 U.S.C. § 1505(b) ............................................................................................. 4

19 U.S.C. § 1505(c) ........................................................................................4, 18

19 U.S.C. § 1505(d) ............................................................................................. 4

19 U.S.C. § 1505(e) ............................................................................................. 4

19 U.S.C. § 1514 ............................................................................................... 16

19 U.S.C. § 1514(a) ......................................................................... 5, 8, 14, 15, 17

19 U.S.C. § 1514(a)(5) ........................................................................... 15, 17, 18

19 U.S.C. § 1515 ..........................................................................................7, 14

19 U.S.C. § 1515(a) ................................................................................ 5

19 U.S.C. § 1520 .................................................................................. 14

19 U.S.C. § 1592 .............................................................................*passim*

19 U.S.C. § 1592(a) ...................................................................5, 6, 7, 18

19 U.S.C. § 1592(a)(1) ............................................................................. 5

19 U.S.C. § 1592(c) ................................................................................ 10

19 U.S.C. § 1592(c)(1) ............................................................................. 5

19 U.S.C. § 1592(c)(2) ............................................................................. 5

19 U.S.C. § 1592(c)(3) ............................................................................. 5

19 U.S.C. § 1592(c)(4) .......................................................................... 6, 7

19 U.S.C. § 1592(c)(4)(B) ........................................................................ 7

19 U.S.C. § 1592(d) ..........................................................................6, 8, 9

19 U.S.C. § 1624 ...................................................................................... 7

19 U.S.C. § 1671b(d)(2) ......................................................................... 12

19 U.S.C. § 1673b(d)(2) ......................................................................... 12

19 U.S.C. § 66 ......................................................................................... 7

26 U.S.C. § 6621 ..................................................................................... 7

28 U.S.C. § 1581 ..............................................................................14, 15

28 U.S.C. § 1581(a) ........................................................................*passim*

28 U.S.C. § 1581(a)(5) ........................................................................... 15

**Regulations**

19 C.F.R. § 141.101 ................................................................................. 2

19 C.F.R. § 159.1 .................................................................................... 4

19 C.F.R. § 159.2 ........................................................................... 17

19 C.F.R. § 162.71 ........................................................................... 9

19 C.F.R. § 162.71(a)(1) .................................................................. 9

19 C.F.R. § 162.71(b)(1) .................................................................. 9

19 C.F.R. § 162.74 ........................................................................... 7

19 C.F.R. § 162.74(a) ...................................................................... 10

19 C.F.R. § 162.74(c) ..................................................................... 7, 8

19 C.F.R. § 162.79b ....................................................................... 7, 9

**Other Authorities**

*Entry Summaries Filed in ACE Pursuant to the ESAR IV Test*,
   76  Fed. Reg. 37,136 (June 24, 2011) ...................................... 3

*Modification of the National Customs Automation Program Test Regarding Post-Summary
   Corrections for Extensions of Liquidation*,
   84 Fed. Reg. 40,430 (Aug. 14, 2019) ................................... 3

*Prior Disclosure: Final Rule*,
   63 Fed. Reg. 29,126 (May 28, 1998) ..................................... 7

*Post-Summary Corrections to Entry Summaries Filed in ACE Pursuant to the ESAR IV Test*,
   76 Fed. Reg. 37,137 (June 24, 2011) ...............................3, 14

S. REP. 95-778, 1978 U.S.C.C.A.N. 2211, 1-2211 ..................... 6

*Wood Mouldings and Millwork Products from the People's Republic of China:
   Countervailing Duty Order*,
   86 Fed. Reg. 9,484 (Dep't Commerce Feb. 16, 2021) .......... 10

*Wood Mouldings and Millwork Products From the People's Republic of China:
   Amended Final Antidumping Duty Determination and Antidumping Duty Order*,
   86 Fed. Reg. 9,486 (Dep't Commerce Feb. 16, 2021) .......... 10

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

_____

LARSON-JUHL US LLC,          :
                                   :
               Plaintiff,   :
                                   :
               v.      :     Court No. 23-00032
                                   :
UNITED STATES,          :
                                   :
             Defendant.  :
_____:

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, United States (the Government), respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction.  At issue in this case are nine entries of picture frame mouldings identified in the summons.  *See* Summons (ECF No. 1).  Asserting jurisdiction under 28 U.S.C. § 1581(a), plaintiff, Larson-Juhl US LLC, appeals U.S. Customs and Border Protection's (CBP) denial of an administrative protest concerning the liquidation and assessment of duties on the subject entries.  *See* Compl. ¶¶ 3-6 (ECF No. 8).  As will be discussed below, however, because the true nature of plaintiff's claim with respect to eight of the nine entries at issue is CBP's acceptance of its prior disclosure and voluntary tender payment, the Court does not possess jurisdiction over those entries.  The Court also does not possess jurisdiction over the ninth entry because plaintiff has suffered no injury with respect to that entry and therefore lacks standing.

## BACKGROUND

**I.     Legal Background**

      **A.  The Entry Process**

At entry, an importer of record "shall, using reasonable care," provide the necessary information to allow CBP to "properly assess duties on the merchandise," "collect accurate statistics with respect to the merchandise," and "determine whether any other applicable requirement of law . . . is met."  19 U.S.C. § 1484(a)(1)(B).  An importer provides CBP with the information required by section 1484 (at least in part) via an entry summary (CBP Form 7501) or its electronic equivalent in CBP's Automated Commercial Environment (ACE).  CBP Form 7501 *available at* https://www.cbp.gov/trade/programs-administration/entry-summary/cbp-form-7501 (last accessed Jan. 5, 2024).  CBP Form 7501 explains that the information requested is "required from the importer . . . for each import transaction [and f]ailure to provide this information . . . may result in penalties to the importer or agent."  *Id.* at 3.  An importer of record making entry under section 1484 must declare that "all other statements in the . . . entry . . . are true and correct."  19 U.S.C. § 1485(a)(3).  Within 10 days of the release of the merchandise contained in the entry, an importer is required to deposit any estimated duties owed, in an amount determined by the information provided in the entry paperwork.  *Id.* § 1505(a); 19 C.F.R. §§ 141.101 (time of deposit), 141.103 (amount to be deposited), 141.104 (computation of duties), 141.105 (voluntary deposit of additional duties), 142.11 (entry summary form), 142.12(c).

If an importer makes certain errors in its original entry summary paperwork and the entry remains unliquidated, an importer may correct those errors by completing and

2

filing a post-summary correction (PSC) through ACE.  *See* Post Summary Corrections,

U.S. Customs and Border Protection, *available at* https://www.cbp.gov/trade/programs-

administration/entry-summary/post-summary-correction (last accessed Jan. 5, 2024); *see*

*also Post-Summary Corrections to Entry Summaries Filed in ACE Pursuant to the ESAR*

*IV Test*, 76  Fed. Reg. 37,136 (June 24, 2011).  Importers file PSCs "because they are

legally obligated to correct an entry per 19 USC 1484 and 1485 [sic]."  Post Summary

Corrections, U.S. Customs and Border Protection, *available at*

https://www.cbp.gov/trade/programs-administration/entry-summary/post-summary-

correction (last accessed Jan. 5, 2024).  A PSC "is essentially a new entry summary" and

the sole method for trade to electronically correct entry summaries prior to liquidation.

*Id.*  An importer may correct the Entry Type Code by redesignating an entry from type 01

to type 03 through the entry summary correction process.[1]  *Id.*

      CBP will accept a PSC for an entry "within 300 days after the date of entry or up

to 15 days prior to the scheduled liquidation date, whichever is earlier, except in

situations involving an extension of liquidation."  *Modification of the National Customs*

*Automation Program Test Regarding Post-Summary Corrections for Extensions of*

*Liquidation*, 84 Fed. Reg. 40,430, 40,430 (Aug. 14, 2019).  Where liquidation has been

extended, an importer must file a PSC up to 15 days prior to the new scheduled

liquidation date.  *Id.*

---

[1] The Entry Type Code is a two-digit code identifying the type of entry summary being filed.  CBP Form 7501 at 4.  The first digit corresponds to the category of entry and the second digit "further defines the specific processing type within the entry category." *Id.* A type 01 entry is a consumption entry.  *Id.*  A type 03 entry is a consumption entry subject to antidumping and/or countervailing duties.  *Id.*

**B.  Liquidation, Errors In Liquidation, And Refunds**

Congress instructs CBP to:

> fix the final classification and rate of duty applicable to . . .
> merchandise; fix the final amount of duty to be paid on
> such merchandise and determine any increased or
> additional duties, taxes, and fees due or any excess of
> duties, taxes, and fees deposited; liquidate the entry and
> reconciliation, if any, of such merchandise; and give or
> transmit, pursuant to an electronic data interchange system,
> notice of such liquidation to the importer . . . [,]

19 U.S.C. § 1500(b)–(e), "within 1 year from – the date of entry" of merchandise, unless

liquidation is extended or suspended as required by statute or court order.  19 U.S.C. §

1504(a)(1).  Liquidation is "the final computation or ascertainment of duties on entries

for consumption . . . ."  19 C.F.R. § 159.1; *see also Travenol Lab'ys, Inc. v. United*

*States*, 118 F.3d 749, 752 (Fed. Cir. 1997) ("An importer is required to deposit estimated

duties with Customs at the time of importation.  At some later time, Customs reviews the

entry and makes its final determination as to whether the amount of duty deposited is

correct—*i.e.*, Customs liquidates the entry").  At liquidation, CBP "shall collect any

increased or additional duties and fees due, together with interest thereon, or refund any

excess moneys deposited, together with interest thereon."  19 U.S.C. § 1505(b).

CBP may reliquidate an entry to correct errors made in liquidation under certain

circumstances, two of which are relevant to the present action.[2]  First, CBP may

voluntarily reliquidate entries "in any respect" within 90 days of liquidation.  19 U.S.C. §

---

[2] "Reliquidation vacates and is substituted for the collector's original liquidation [and] is
the final decision of the collector as to the rate and amount of duty to be paid by the
importer[.]"  *United States v. Parkhurst & Co.*, 12 Ct. Cust. App. 370, 373 (1924).

1501.  Second, CBP may reliquidate an entry upon approval of a timely filed protest.  19

U.S.C. § 1514(a).  Upon receipt of a timely protest, CBP may approve the protest and

reliquidate the entry in conformity with its decision, or deny the protest in whole or in

part.  19 U.S.C. § 1515(a).  If a protest is approved in whole or in part, "any duties,

charge, or exaction found to have been assessed or collected in excess shall be remitted or

refunded[.]"  *Id.*  The language "collected in excess" in section 1515(a) makes clear that,

as part of the administrative process, reliquidation by CBP pursuant to the protest

mechanism can only result in a refund to the protestant, not a bill; whereas section 1501

allows CBP to reliquidate regardless of whether the reliquidation results in a refund or a

bill.

### C.  Section 1592 Penalties And Prior Disclosures

Section 1592 allows CBP to assess penalties when an importer provides false

material information or omits material information, when entering, introducing or

attempting "to enter or introduce any merchandise into the Commerce of the United

States," regardless of whether the United States "is or may be deprived of all or a portion

of any lawful duty, tax, or fee[.]"  19 U.S.C. § 1592(a)(1).  The severity of the penalties

assessed depends on the *mens rea* of the individual or entity who committed the violation

at the time of the violation.  *Id.* § 1592(c)(1)–(3).  CBP may assess penalties based on

fraudulent, grossly negligent, or negligent violations of section 1592(a).  *Id.*  "[E]xamples

of such violations include undervaluation, misdescription of merchandise,

misclassification, overvaluation, evasion of an antidumping/countervailing duty

(AD/CVD) order, improper country of origin declarations or markings, or improper

claims for preferential tariff treatment under a free trade agreement or other duty

5

preference program." What Every Member of the Trade Community Should Know: Prior

Disclosure at 8, CBP (Aug. 2017) (Prior Disclosure Guidance), available at

https://www.cbp.gov/document/publications/prior-disclosure (last accessed Jan. 5, 2024).

The legislative history explains that section 1592 penalties are "intended to encourage

accurate completion of the entry documents upon which Customs must rely to assess

duties and to administer other customs laws." S. Rep. 95-778 at 17. As such, section

1592 functions as an enforcement mechanism to ensure compliance with the entry

process, not a mechanism to modify or correct entry information which is accomplished

through the PSC process. Regardless of whether CBP assesses a monetary penalty for a

violation of section 1592(a), section 1592(d) requires restoration of the lawful duties,

taxes, or fees that the United States has been deprived of due to the violation.

In addition to authorizing CBP to assess penalties pursuant to 19 U.S.C. §

1592(a), section 1592(c)(4) provides importers with a voluntary mechanism to limit the

amount of penalties assessed by CBP. This mechanism is commonly referred to as a

"prior disclosure." A party involved in the business of importing into the United States

(including, but not limited to, importers, customs brokers, exporters, shippers, and

foreign suppliers/manufacturers) may file a prior disclosure, if it believes it has

committed a violation under 19 U.S.C. § 1592. Prior Disclosure Guidance at 8; *see also*

Prior Disclosure Guidance at 8-9 (Parties are not required to submit a prior disclosure but

can *elect* to do so with the goal of mitigating potential penalties.). An importer's prior

disclosure must "disclose[] the circumstances of a violation of subsection [1592](a)

before, or without knowledge of, the commencement of a formal investigation of such

violation" and "tender[] the unpaid amount of the lawful duties, taxes, and fees at the

6

time of disclosure, or within 30 days . . . after notice by the Customs Service of its

calculation of such unpaid amount."  19 U.S.C. §§ 1592(c)(4), (c)(4)(B).[3]  If an importer

files a valid prior disclosure for violations of section 1592(a) resulting from negligence or

gross negligence, the penalties it incurs are limited to the amount of "the interest

(computed from the date of liquidation at the prevailing rate of interest applied under

section 6621 of title 26) on the amount of lawful duties, taxes, and fees of which the

United States is or may be deprived."  19 U.S.C. §§ 1592(c)(4), (c)(4)(B).

The statute is silent on how and when an importer should tender the "unpaid

amount of the lawful duties, taxes, and fees."  *See id.* § 1592.  CBP's regulations and

Prior Disclosure Guidance clarify the time at which an importer should tender the unpaid

amounts required by section 1592.[4]  19 C.F.R. §§ 162.71, 162.74; Prior Disclosure

Guidance.  These sources clarify that the method of tender depends on the liquidation

status of the entries covered by the prior disclosure.

When a prior disclosure is accepted before the liquidation of the entries it covers,

an importer is not obligated to tender the uncollected duties, taxes, or fees with its prior

---

[3] An importer who disputes, or is unsure of the amount of duties, taxes, and fees due is neither obligated to tender such monies nor is it without a remedy.  Where an importer is unsure of the amount due, it may ask CBP to calculate the amount.  Prior Disclosure Guidance at 10.  If an importer disagrees with the amount calculated by CBP, an importer may, under certain circumstances, seek review of the figure by Headquarters.  19 C.F.R. §§ 162.74(c), 162.79b; *see also Prior Disclosure: Final Rule* 63 Fed. Reg. 29,126, 29,127 (May 28, 1998) (explaining Headquarters review mechanism).  An importer may also elect not to tender the figure calculated by CBP and raise its objection to the calculation as a defense in any penalty proceeding that CBP may bring at the Court.  *See Tikal Distributing Corp. v. United States*, 21 CIT 715, 720 (1997).

[4] 19 U.S.C. §§ 66 and 1624 authorize CBP to issue regulations necessary to carry out the provisions of the Tariff Act of 1930, as amended.

disclosure.[5]  Instead, CBP may rate advance the entries and assess the uncollected duties, taxes, or fees at liquidation or an importer may file a PSC and tender any uncollected duties, taxes, or fees.  Prior Disclosure Guidance at 15; *Modification and Clarification of the National Customs Automation Program Tests Regarding Post-Summary Corrections and Periodic Monthly Statements; Republication With Correction and Further Clarification*, 82 Fed. Reg. 2,385, 2,387 (Jan. 9, 2017).  Either of these options results in an assessment of duties on the entries prior to liquidation, protects an importer's right to challenge such assessment under 19 U.S.C. § 1514(a), *see Volkswagen of Am., Inc. v. United States*, 532 F.3d 1365, 1370 (Fed. Cir. 2008) (all decisions prior to liquidation merge into liquidation), and comports with section 1592's directive to tender any duties the government may be deprived of.

When a prior disclosure is accepted after the liquidation of the entries it covers, CBP is typically unable to disturb that liquidation to assess and collect the duties, taxes, and fees that went uncollected due to the disclosed violation.  Absent an exception to the finality of liquidation, CBP's only mechanism for collecting the amount of those duties, taxes, or fees is through section 1592(d) or by accepting a prior disclosure tendering the amount of the uncollected duties, taxes, or fees.  19 C.F.R. § 162.74(c) ensures that the uncollected duties, taxes, and fees are still collected by requiring an importer to "tender any actual loss of duties, taxes and fees or actual loss of revenue" at the time of the disclosure or within 30 days after notice by CBP of its calculation of the unpaid amount (rather than collected via a rate advance or PSC) in order to qualify for penalty

---

[5] Furthermore, if a prior disclosure is filed, "[t]he penalty amount is zero if the importations involve unliquidated (*i.e.*, open) customs entries and no fraud is involved." Prior Disclosure Guidance at 8.

mitigation.  The expression "actual loss of duties" means "the duties of which the Government has been deprived by reason of the violation in respect of entries upon which liquidation had [sic] become final."  19 C.F.R. § 162.71(a)(1); *see also Fines, Penalties, Forfeitures, and Liquidated Damages for Violations of the Customs and Navigation Laws, Amended*, 44 Fed. Reg. 31950, 31,952 (June 4, 1979).  "Actual loss of revenue" "means the amount of drawback . . . that is claimed and has been paid to the claimant and to which the claimant is not entitled."  19 C.F.R. § 162.71(b)(1).  From these definitions, it follows that there can be no actual loss of duties (or revenue) to tender with a prior disclosure unless the entries covered by the prior disclosure have been liquidated.

The collection of the actual loss of duties with a prior disclosure is distinct from CBP's assessment and collection of duties, taxes, and fees at liquidation.  *See* 19 U.S.C. § 1592(d) (requiring restoration of lost duties, taxes, and fees but silent on liquidation or reliquidation to achieve restoration); 19 C.F.R. § 162.79b (method of notice for the amount of the actual loss of duties recoverable under 19 U.S.C. § 1592(d) where no penalty is imposed, silent on liquidation or reliquidation of entries).

CBP reviews a prior disclosure by verifying that all the circumstances of the violation have been disclosed, there is no formal investigation pending for the disclosed violation (or that the importer has no knowledge of a pending formal investigation, if applicable), and that the actual loss of duties has been tendered.  Prior Disclosure Guidance at 10.  If CBP determines that there was no violation of 19 U.S.C. § 1592, "it is CBP's policy to refund the actual loss of duties on liquidated entries tendered with the prior disclosure."  *Id.*  There is no deadline for CBP to review a prior disclosure imposed by statute or regulation.

## II.        Factual And Procedural Background

At entry, plaintiff designated the subject entries as type 01, indicating to CBP that the entries were not subject to antidumping or countervailing duties.  Compl. ¶¶ 11, 13. According to the complaint, at an unknown point after making the entries, plaintiff learned that the picture frame mouldings in the subject entries were subject to antidumping duty and countervailing duty cash deposits at the rates of 220.87% *ad valorem*, and 20.56% *ad valorem*, respectively.  *See id.* ¶¶ 11–12; *see generally Wood Mouldings and Millwork Products From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order*, 86 Fed. Reg. 9,486 (Dep't Commerce Feb. 16, 2021); *Wood Mouldings and Millwork Products from the People's Republic of China: Countervailing Duty Order*, 86 Fed. Reg. 9,484 (Dep't Commerce Feb. 16, 2021).

On June 28, 2021, plaintiff filed a prior disclosure with CBP's Fines, Penalties, and Forfeitures (FP&F) pursuant to 19 U.S.C. § 1592(c).  Compl. ¶ 12.  Plaintiff stated in its prior disclosure that it had inadvertently designated entries of picture frame mouldings made between June 12, 2020 and June 28, 2021 as type 01 that should have been designated as type 03.  *See* Rule 73.1 filing, Ltr. from R. Kevin Williams, Attorney, Clark Hill to Fines, Penalties, & Forfeitures Officer, CBP, June 28, 2021, re: Larson-Juhl US LLC (June 2021 Letter); *see also* Compl. ¶¶ 11–12.  In its June 2021 Letter, plaintiff informed CBP that it would provide specific entry numbers covered by the prior disclosure in a subsequent letter to perfect its prior disclosure,[6] and that it had "instructed

---

[6] A perfected prior disclosure is one that satisfies the requirements of 19 CFR § 162.74(a).

its Customs broker to submit post-summary corrections for the eligible entries." Rule 73.1 filing, June 2021 Letter at 2.

On August 23, 2021, plaintiff submitted a second letter to CBP and voluntarily tendered a check for over $2 million to perfect its prior disclosure. Compl. ¶ 16; Rule 73.1 filing, Ltr. from R. Kevin Williams, Attorney, Clark Hill to Fines, Penalties, & Forfeitures Officer, CBP, Aug. 28, 2021, re: Larson-Juhl US LLC (August 2021 Letter). The August 2021 Letter provided CBP with a list of 15 entries that Larson inadvertently designated as type 01 instead of type 03 at entry. Rule 73.1 filing, August 2021 Letter at Ex. 1. Two of the entries identified contained merchandise manufactured by China Cornici Co. Ltd. and the remaining 13 contained merchandise manufactured by Chen Chui Global Corp.[7] *Id.* Eight of the nine entries at issue in the present action were identified by plaintiff in the August 2021 Letter.[8] *Compare* Summons at 1, 3 and Rule 73.1 filing (providing entry numbers) *with* Rule 73.1 filing, August 2021 Letter at Ex. 1; *see also* Compl. ¶ 15. The August 2021 Letter also requested that CBP "[reset] the Entry Type Code for all unliquidated entries . . . and that liquidation of the entries be suspended." Rule 73.1 filing, August 2021 Letter at 1. CBP did not reset the entry type codes, nor did plaintiff file post summary corrections for the entries covered by the prior

---

[7] The entries identified in plaintiff's prior disclosure that were manufactured by China Cornici Co. Ltd. were not protested and are not subject to this action.

[8] Although Entry No. T81-7259803-9 was made on June 23, 2021, falling into the date range set forth in the June 2021 Letter, that entry was not identified in the August 2021 Letter, spreadsheet, or tender. *Compare* June 2021 Letter at 2 (providing a date range) *with* August 2021 Letter at Ex. 1 (providing specific entry information). Plaintiff acknowledges that this entry was not covered by its prior disclosure. Compl. ¶ 15.

disclosure.  Between January 28, 2022 and May 20, 2022, the subject entries liquidated

no change as type 01 entries without the assessment of antidumping or countervailing

duties.  CBP accepted plaintiff's prior disclosure on August 3, 2022.

Plaintiff filed Protest No. 3901-22-127024 on July 7, 2022, contesting the

premature liquidation of the subject entries.  Compl. ¶ 21.  Plaintiff argued that CBP

should have changed the Entry Type Code from 01 to 03 "as specified in the prior

disclosure" and that "liquidation of the entries should have been suspended pursuant to

19 U.S.C. §§ 1671b(d)(2) and 1673b(d)(2) because the entries were covered by the

ongoing administrative reviews at [Commerce]."  *Id.* ¶ 21.  CBP denied plaintiff's protest

on August 15, 2022, because (1) the manufacturer had "not been assigned its own rate for

either the [ADD] or [CVD] case" and (2) Commerce Message Nos. 2137425 (Case No.

A-570-117) and 2137423 (Case No. C-570-118), issued on May 17, 2022, instructed CBP

to liquidate the entries at the cash deposit rate.  Rule 73.1 filing.

In its complaint, plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a) and

appeals CBP's denial of an administrative protest concerning the liquidation and

assessment of duties on the subject entries.  *See* Compl. ¶¶ 3-6.  Plaintiff's complaint

requests that the Court order CBP to (a) designate the subject entries as Type 03 entries

rather than as Type 01 entries, (b) suspend liquidation of the subject entries pending the

issuance of final determinations by Commerce in the first administrative reviews of the

AD and CVD orders, (c) re-liquidate the subject entries at the rate established by

Commerce in those final determinations; (d) refund to plaintiff any excess duties and fees

paid plus interest, as required by law; and (e) provide plaintiff with "such further and

additional relief as the Court may direct."  *See* Compl. Prayer for Relief.

## ARGUMENT

### I.      Standard of Review

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998). "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof."  *CR Indus. v. United States*, 10 CIT 561, 562 (1986). When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

Furthermore, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted). A waiver of sovereign immunity must be unequivocally expressed, not merely implied. *Id.* As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1993).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize suit against the United States only under certain conditions.

In customs and trade litigation, subject matter jurisdiction in actions against the United States is conferred upon this Court by 28 U.S.C. § 1581.  Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of that statute are met.

**II.    The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) For The Eight Entries Covered By The Prior Disclosure**

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 6, which grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  The types of CBP decisions that are protestable are enumerated in 19 U.S.C. § 1514(a), and they include:

1.  the appraised value of merchandise;

2.  the classification and rate and amount of duties chargeable;

3.  all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

4.  the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under [19 U.S.C. § 1337];

5.  the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either [19 U.S.C. § 1500] or [19 U.S.C. § 1504];

6.  the refusal to pay a claim for drawback; or

7.  the refusal to reliquidate an entry under subsection (d) of [19 U.S.C. § 1520].

"Section 1581(a) provides no jurisdiction for protests outside these exclusive categories."  *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir.

1994) (citing *Playhouse Import & Export, Inc. v. United States*, 843 F. Supp. 716, 719 (Ct. Int'l Trade 1994)).

Plaintiff asserts jurisdiction under section 1581(a)(5), *see* Summons and Compl. ¶¶ 3, 6, and claims to be contesting CBP's liquidation of its entries. Compl. ¶¶ 11, 13, 15, 17, 21. Specifically, plaintiff's complaint identifies CBP's decisions to liquidate each of the subject entries without the assessment of antidumping and countervailing duties as the protestable decisions under section 1514(a)(5). The Court looks to the "'true nature of the action'" in assessing the alleged basis for jurisdiction. *ARP Materials, Inc. v. United States*, 47 F.4th 1370, 1378 (Fed. Cir. 2022) (quoting *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1360 (Fed. Cir. 2016)). "This 'will depend upon the attendant facts asserted in the pleadings.'" *Id.* "Thus, '[d]etermining the true nature of an action under § 1581' requires that we 'discern the particular agency action that is the source of the alleged harm so that we may identify which subsection of § 1581 provides the appropriate vehicle for judicial review.'" *Id.*

Here, the true nature of plaintiff's complaint is a challenge to CBP's decision to accept its prior disclosure and accompanying voluntary tender, which is a separate and distinct decision from the liquidation of its entries. CBP's decisions pertaining to prior disclosures and voluntary tenders, however, are not a category of protestable decisions set forth in section 1514(a). Therefore, the Court does not have jurisdiction over this action under section 1581(a).

Further, the Court's jurisdiction over plaintiff's protest, which contests CBP's decision to liquidate the subject entries, does not encompass CBP's decision to accept plaintiff's prior disclosure and the accompanying voluntary tender. Because CBP's

15

decision to accept the prior disclosure occurred after the contested liquidations, CBP could not apply the tendered amounts to rate advance the subject entries prior to liquidation.  The Court of Appeals for the Federal Circuit has explained that the language of section 1514 "establishes liquidation as a final challengeable event" and that "[f]indings related to liquidation . . . merge with the liquidation."  *Volkswagen of Am., Inc. v. United States*, 532 F.3d 1365, 1370 (Fed. Cir. 2008).  As explained above, liquidation is the final computation of duties owed on an entry occurring at a specific and identifiable point in time—the liquidation date.  Therefore, a protest contesting liquidation encompasses decisions made by CBP before and at liquidation, but not afterwards.

Here, the subject entries liquidated between January 28 and May 20, 2022 without the assessment of antidumping or countervailing duties.  CBP did not accept plaintiff's prior disclosure and the accompanying voluntary tender until August 3, 2022, *i.e.*, after the liquidation of the subject entries.  Because CBP's decision to accept the prior disclosure occurred after the contested liquidations, CBP could not rate advance the subject entries and apply the tendered amounts to the subject entries prior to liquidation.

Yet the most assured way for plaintiff to protect its right to protest was the filing of PSCs in addition to a prior disclosure.  Filing a PSC is the sole method for trade to electronically correct entry summaries prior to liquidation.  Had plaintiff filed the PSCs, as it indicated it would in its first prior disclosure letter, the PSCs would have replaced the original entry summaries for the subject entries.  Then, CBP would have likely suspended liquidation of the subject entries and/or assessed antidumping and countervailing duties at liquidation in accordance with Commerce's instructions.  If the

liquidation was premature or if CBP had otherwise failed to follow Commerce's instructions, plaintiff could protest CBP's decision under section 1514(a)(5).  The sole effect of CBP's acceptance of plaintiff's prior disclosure was to mitigate the amount of penalties incurred by plaintiff for improperly identifying the subject entries as type 01 entries instead of type 03 entries and thus failing to make antidumping and countervailing duty cash deposits at entry.  Indeed, plaintiff admits that it "filed a prior disclosure letter with CBP to avoid facing potential penalties for not paying [antidumping] and [countervailing] duties."  Compl. ¶ 12.  If plaintiff wished to amend the Entry Type Code of the subject entries while also mitigating any potential penalties, plaintiff was not precluded from filing both a prior disclosure and PSCs to ensure that the entry summary documents were amended prior to liquidation.

To clarify, CBP's acceptance of plaintiff's prior disclosure would mitigate the penalties plaintiff incurred for its section 1592 violation but would not by itself constitute a protestable decision under section 1514(a).  Nor does CBP's acceptance of the prior disclosure and the accompanying voluntary tender independently qualify as a liquidation or reliquidation, that results in the Court's jurisdiction under 28 U.S.C. § 1581(a) via 19 U.S.C. § 1514(a)(5).  In *Otter Products, LLC v. United States*, the Court distinguished between the payment of duties and voluntary tenders made in connection with prior disclosures, explaining that "when CBP accepts, processes, and ultimately closes out a submitted prior disclosure, it does not reliquidate the merchandise."  *Otter*, 628 F. Supp. 3d 1306, 1314 (2023) (noting that Section 1592 and 19 C.F.R. § 159.2 are silent on liquidation for prior disclosures).  Additionally, the Federal Circuit has explained that

Congress has codified "different situations in which Customs may reliquidate" and observed that:

> section 1592 does not refer to reliquidation where there is a violation of section 1592(a).  This indicates that Congress chose not to include violations of section 1592(a) in the carefully carved out exceptions to the finality of liquidations.  In short, we are unable to find support for the . . . theory that Customs' acceptance of the amounts tendered by . . . [plaintiff in connection with the prior disclosure] amounted to a "reliquidation" of those entries for purposes of section 1505(c).

*United States. v. Nat'l Semiconductor Corp.*, 496 F.3d 1354, 1361 (Fed. Cir. 2007).

In sum, because section 1514(a)(5) pertains to CBP's decisions regarding liquidation or reliquidation, CBP did not apply the voluntary tenders to the entries at liquidation, and the acceptance of prior disclosure monies does not result in either liquidation or reliquidation of an entry, plaintiff's prior disclosure tender falls outside of section 1514(a)(5).  Thus, the Court does not possess jurisdiction under 28 U.S.C. § 1581(a) over the eight entries covered by the prior disclosure.

### III.    Plaintiff Lacks Standing For Entry No. T81-7259803-9

Although Entry No. T81-7259803-9 was not covered by the prior disclosure, distinguishing it from the remaining subject entries, plaintiff lacks the requisite constitutional standing for this entry because it has not suffered an injury in fact; therefore, its claims do not present a live case or controversy for the Court to adjudicate. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Apple Inc. v. United States*, 375 F. Supp. 3d 1288, 1297 (Ct. Int'l Trade 2019) (plaintiff's claim is non-justiciable where plaintiff has not suffered an injury

18

or harm that a court's order can redress).  A litigant must establish constitutional standing

to bring suit.  The three elements of constitutional standing are: (1) a concrete and

particularized injury-in-fact which must be actual or imminent; (2) a causal connection

between the injury and the conduct complained of; and (3) a likelihood that the injury

suffered will be redressed by a favorable decision.  *Lujan*, 504 U.S. at 560; *see also*

*Military-Veterans Advoc. v. Sec'y of Veterans Affs.*, 7 F.4th 1110, 1121 (Fed. Cir. 2021)

("The 'irreducible constitutional minimum of standing' consists of three elements")

(citing *Lujan*, 504 U.S. at 560).

Here, plaintiff has not suffered a concrete injury with respect to Entry No. T81-

7259803-9.  CBP liquidated Entry No. T81-7259803-9 as a type 01 entry without the

assessment of antidumping or countervailing duties.  Thus, plaintiff cannot point to

monetary harm resulting from CBP's liquidation because it has not paid any antidumping

or countervailing duties on the entry.  *See, e.g.*, *3V, Inc. v. United States*, 23 CIT 1047,

1049-50 (1999) (no case or controversy where the claimed and assessed duty provisions

are both duty-free because neither party's rights were actually controverted and the effect

of a ruling would only impact future entries); *Apple Inc. v. United States*, 375 F. Supp. 3d

1288, 1296–97 n. 11 (no economic harm where claimed and assessed duty provisions

were duty-free but importer would need to "expend additional costs to process, enter, and

submit separate entry paperwork" for the assessed provision because the injury was

speculative).

## CONCLUSION

For the foregoing reasons, this Court should grant the Government's motion to

dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        /s/ Aimee Lee
        AIMEE LEE
        Assistant Director

Of Counsel:        /s/ Hardeep K. Josan
TAYLOR R. BATES        HARDEEP K. JOSAN
Office of the Assistant        Trial Attorney
Chief Counsel        International Trade Field Office
International Trade Litigation        Department of Justice, Civil Division
U.S. Customs and Border        Commercial Litigation Branch
Protection        26 Federal Plaza, Room 346
        New York, New York 10278
        (212) 264-9245 or 9230
January 8, 2024        Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated January 8, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 5,562 words.

<u>/s/ Hardeep K. Josan</u>