UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| **LARSON-JUHL US LLC** | |
| *Plaintiff,* | Court No. 23-00032 |
| **v.** | |
| **UNITED STATES,** | |
| *Defendant.* | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Respectfully Submitted,

/s/ R. Kevin Williams
R. Kevin Williams
Mark Ludwikowski
Kelsey Christensen
Sally Alghazali

**CLARK HILL, PLC**
Attorneys for Plaintiff
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
(312) 985-5907
kwilliams@clarkhill.com

Dated: February 12, 2024

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE**

| | |
|---|---|
| **LARSON-JUHL US LLC** | |
| *Plaintiff,* | Court No. 23-00032 |
| **v.** | |
| **UNITED STATES,** | |
| *Defendant.* | |

## <u>ORDER</u>

Upon reading Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, and upon other papers and proceedings herein, it is hereby

ORDERED that Defendant's Motion with respect to eight of nine entries identified in Plaintiff's Complaint at paragraph 14 be, and hereby is, denied.

ORDERED that Defendant's Motion with respect to the ninth entry identified in Plaintiff's Complaint at paragraph 15 be, and hereby is, granted.

ORDERED that Defendant shall have twenty-one (21) days to file a responsive pleading.

SO ORDERED.

_____

Stephen Alexander Vaden, Judge

Dated: _____, 2024

New York, New York

## <u>TABLE OF CONTENTS</u>

SUMMARY OF THE ARGUMENT ................................................................1

ARGUMENT ............................................................................................3

I.      Standards of Law ............................................................................3

          A.      Standard of Review for a Motion to Dismiss............................3

          B.      Standard of Review Under 28 U.S.C. § 1581(a).......................3

II.     The Court Possesses Jurisdiction Under 28 U.S.C. § 1581(a) for the Eight
        Entries Covered by the Prior Disclosure..................................................4

          A.      Factual Allegations in Larson-Juhl's Complaint Should be
                 Assumed as True ....................................................................4

          B.      Larson-Juhl Filed Valid and Timely Protests with CBP that
                 Adequately Give the Court Jurisdiction Over this Dispute ....................6

          C.      Defendant Improperly Construes the Filing of Post Summary
                 Corrections as a Prerequisite to a Valid Protest...........................9

III.    Alternatively, the Court's Residual Jurisdiction Under the Customs Courts
        Act of 1980 Confers Subject Matter Jurisdiction Over this Dispute ...............10

CONCLUSION........................................................................................12

CERTIFICATE OF COMPLIANCE................................................................14

CERTIFICATE OF SERVICE .......................................................................15

## <u>TABLE OF ATHORITIES</u>

### <u>CASES</u>

*Am. Nat'l Fire Ins. Co. v. United States*, 441 F. Supp. 2d 1275 (CIT 2006) .................................. 7

*Cisco Systems, Inc. v. United States of America*, 804 F.Supp.2d 1326 (CIT 2021) ...................... 7

*Computime, Inc. v. United States*, 772 F.2d 874 (Fed. Cir. 1985).............................................. 3, 7

*Eaton Mnfr. Co., v. United States*, 60 C.C.P.A. 23 469 F.2d 1098 (1972).................................... 8

*Ford Motor Co. v. United States*, 435 F.Supp.2d 1324 (CIT 2006) ............................................ 3

*Fujitsu Gen. Am., Inc. v. United States*, 283 F.3d 1364 (Fed. Cir. 2002)...................................... 4

*Gould, Inc. v. United States*, 935 F.2d 1271 (Fed. Cir. 1991) .................................................... 3, 6

*Henke v. United States*, 60 F.3d 795 (Fed. Cir. 1995) ................................................................ 3

*Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, 938 F.3d 1355 (Fed. Cir. 2019) .................................................................................................................................. 3

*Koike Aronson, Inc. v. United States*, 165 F.3d 906 (1999) ........................................................ 8

*Mitsubishi Electronics Am., Inc. v. United States*, 865 F.Supp. 877 (CIT 1994) .......................... 4

*Novell, Inc. v. United States*, 985 F.Supp. 122 (CIT 1997) ........................................................ 4

*Oman Fasteners, LLC v. United States*, Slip. Op. 19-108, 2019 WL 3763952 at *3 (CIT 2019) ...................................................................................................................... 3

*SSK Industries, Inc. v. United States*, 101 F.Supp.2d 825 (CIT 2000) ........................................ 4

*Transflock, Inc. v. United States*, 765 F.Supp. 750 (CIT 1991)..................................................... 4

*United States v. Islip*, 22 CIT 852, 18 F.Supp.2d 1047 (1998)................................................... 3, 6

*United States v. Parlsmith Corp.*, 62 C.C.P.A. 76 415 F.2d 1052 (1975) ...................................... 8

### <u>STATUTES</u>

19 U.S.C. § 1514...................................................................................................................... 4, 7

19 U.S.C. § 1514(a)(5)................................................................................................................ 4

19 U.S.C. § 1514(c)(1)................................................................................................................ 7

19 U.S.C. § 1515(a) ................................................................................................ 4

19 U.S.C. § 1671b(d)(2) ......................................................................................... 5

19 U.S.C. § 1673b(d)(2) ......................................................................................... 5

19 U.S.C. § 1484 .................................................................................................... 9

19 U.S.C. § 1485 .................................................................................................... 9

## OTHER AUTHORITIES

28 U.S.C.A. § 1581(a) ................................................................................... *passim*

28 U.S.C.A. § 1581(i)(1)(B) ................................................................................ 12

28 U.S.C.A. § 1581(i)(1) ..................................................................................... 11

28 U.S.C.A. § 1581(i)(1)(B, D) ........................................................................... 11

19 C.F.R. § 162.74 ............................................................................................... 10

About the Court - Jurisdiction of the Court, United States Court of International
Trade (cit.uscourts.gov/about-court) ............................................................. 11, 12

CBP Message No. 0226401, Notice of preliminary determination in the
antidumping duty investigation of wood mouldings and millwork products from
the People's Republic of China (A-570-117) at ¶ 4, *effective* Aug. 12, 2020 ................................. 5

CBP Message No. 1007403, Notice of final determination in the antidumping
duty investigation of wood mouldings and millwork products from the People's
Republic of China (A-570-117) at ¶ 4, *effective* Jan. 4, 2021 ........................................................ 5

CBP Message No. 1053401, Suspension of liquidation and requirement for cash
deposit only concerning the antidumping duty order and amended final
determination on wood mouldings and millwork products from the People's
Republic of China (A-570-117) at ¶ 3, *effective* Feb. 17, 2021 ...................................................... 5

Customs Courts Act of 1980, Pub. L. 96-417, Title II, § 201, Oct. 10, 1980, 94
Stat. 1728, *as amended* Pub. L. 116-113, Title IV, § 423(a)(1), Jan. 29, 2020, 134
Stat. 65 ............................................................................................................. 2, 10-12

Post-Entry Amendment (PEA) Processing Test: Modification, Clarification, and
Extension, 76 Fed. Reg. 37136 (June 24, 2011) .................................................... 9, 10

Post-Summary Corrections to Entry Summaries Filed in ACE Pursuant to the
ESAR IV Test, 76 Fed. Reg. 37136 (June 24, 2011) ............................................. 9, 10

Modification and Clarification of the National Customs Automation Program
Tests Regarding Post-Summary Corrections and Periodic Monthly Statements;
Republication With Correction and Further Clarification, 82 Fed. Reg. 2385
(Jan. 9, 2017)........................................................................................................................10

**<u>RULES</u>**

USCIT Rule 15(a)(2) ........................................................................................................ 2, 10

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| **LARSON-JUHL US LLC** <br><br> *Plaintiff,* <br><br> v. <br><br> **UNITED STATES,** <br><br> *Defendant.* | Court No. 23-00032 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In accordance with Rules 7 and 12 of the United States Court of International Trade (the "Court"), Plaintiff Larson-Juhl, LLC ("Larson-Juhl" or "Plaintiff") respectfully submits this response in opposition to the Motion to Dismiss filed by the Defendant, the United States ("Government" or "Defendant"), in the above captioned case. For the reasons set forth herein, Larson-Juhl respectfully requests that the Court enter an order denying Defendant's Motion to Dismiss with respect to eight of the nine protested entries in Plaintiff's Complaint at paragraph 14. With respect to the ninth entry, namely Entry No. T81-7259803-9, identified in Plaintiff's Complaint at paragraph 15, Larson-Juhl does not contest the argument set forth in Defendant's Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

Dismissal of this action based on alleged lack of subject matter jurisdiction is not appropriate. Defendant bases its entire Motion to Dismiss on mischaracterizations of Larson-Juhl's injury and fails to acknowledge that Larson-Juhl satisfied the sole prerequisite for bringing a

1

dispute under 28 U.S.C. § 1581(a) — the filing of valid and timely protests. Larson-Juhl filed valid and timely protests that are sufficient to give rise to the Court's jurisdiction over this dispute. Contrary to Defendant's arguments, Larson-Juhl is not bringing this action to challenge U.S. Customs and Border Protection's ("CBP") acceptance of its prior disclosure and tender of payment. Larson-Juhl is bringing this action to contest CBP's denial of its timely protests challenging CBP's failure to comply with the U.S. Department of Commerce's ("Commerce") antidumping ("AD") and countervailing duties ("CVD") instructions and its failure to designate the protested entries as Type 03 despite CBP's acceptance of Larson-Juhl's prior disclosure and its tender of AD/CVD duties, as detailed in its Complaint.

Defendant erred in interpreting the requirements to bring a claim under 28 U.S.C. § 1581(a) challenging the denial of a protest so as to necessitate the filing of a Post Summary Correction ("PSC") prior to protesting. Yet, the PSC process upon which Defendant relies has never been codified into the Customs regulations. The fact that Larson-Juhl submitted a prior disclosure letter but not a PSC does not render the protests that followed invalid, nor does it dispossess the Court of subject matter jurisdiction to decide this dispute. Accordingly, the Court should deny Defendant's Motion to Dismiss and find that it has jurisdiction over eight of the nine protested entries presented by the Larson-Juhl in this action.

Without conceding the above, and assuming *arguendo* that the Court were to accept Defendant's procedural posture and jurisdictional arguments, dismissal would nonetheless not be the appropriate response. In this alternative, the Court should grant leave for Larson-Juhl to amend the complaint pursuant to USCIT Rule 15(a)(2), so as to assert jurisdiction over this dispute arising from the Court's broad residual subject matter jurisdiction conferred by the Customs Courts Act of 1980.

## ARGUMENT

### I.      Standards of Law

#### A.      Standard of Review for a Motion to Dismiss

Whether jurisdiction exists is a question of law for the Court. *Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, 938 F.3d 1355, 1360 (Fed. Cir. 2019) (citation omitted). In deciding a motion to dismiss for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (citations omitted); *see Oman Fasteners, LLC v. United States*, Slip. Op. 19-108, 2019 WL 3763952 at *3 (CIT 2019); *United States v. Islip*, 22 CIT 852, 854, 18 F.Supp.2d 1047, 1051 (1998) ("{T}he Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'") (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

#### B.      Standard of Review Under 28 U.S.C. § 1581(a)

Title 28 U.S.C. § 1581(a) grants this Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Thus, a plaintiff must have filed a valid protest for the Court to attain jurisdiction over a matter. *Computime, Inc. v. United States*, 772 F.2d 874, 879 (Fed. Cir. 1985).

In interpreting the requirement of bringing a claim under 28 U.S.C. § 1581(a), this Court has held that § 1581(a) requires the exhaustion of protests before a lawsuit. *See Ford Motor Co. v. United States*, 435 F.Supp.2d 1324, 1330 (CIT 2006) (ruling that "a prerequisite to the Court's 28 U.S.C. § 1581(a) jurisdiction is the filing of a valid protest {of a decision of the United States Customs and Border Protection} under the protest statute."). In fact, this Court has repeatedly interpreted the statute establishing subject matter jurisdiction, 28 U.S.C. § 1581(a), to require a party to protest CBP's liquidation or reliquidation of entries "as a prerequisite to seeking judicial

review of the reliquidation." *Mitsubishi Electronics Am., Inc. v. United States*, 865 F.Supp. 877,
880 (CIT 1994); *see also SSK Industries, Inc. v. United States*, 101 F.Supp.2d 825, 829 (CIT 2000);
*Novell, Inc. v. United States*, 985 F.Supp. 122, 123 (CIT 1997); *Transflock, Inc. v. United States*,
765 F.Supp. 750, 751 (CIT 1991) (finding that a protest of a reliquidation with Customs generally
serves as a prerequisite to seeking judicial review of the reliquidation).

Moreover, "{s}ection 1515 provides for Customs' review and subsequent allowance or
denial of protests that are 'filed in accordance with' 19 U.S.C. § 1514." *Fujitsu Gen. Am., Inc. v.
United States*, 283 F.3d 1364, 1371 (Fed. Cir. 2002) (quoting 19 U.S.C. § 1515(a)). Section 1514
details the types of Customs decisions "that may be the subject of protests," including "decisions
relating to 'the liquidation or reliquidation of an entry.'" *Id.* (quoting 19 U.S.C. § 1514(a)(5)).
Accordingly, this Court's "authority to hear a claim under {§} 1581(a) depends upon the importer
raising the claim in a valid protest filed with Customs within the prescribed {180}-day period, or
alternatively, in a protest coming within an exception that excuses a failure to meet the deadline."
*Id.*

## II.    The Court Possesses Jurisdiction Under 28 U.S.C. § 1581(a) for the Eight Entries Covered by the Prior Disclosure

Dismissal of the action based on alleged lack of subject-matter jurisdiction is not
appropriate. Jurisdiction pursuant to 28 U.S.C. § 1581(a) is predicated on CBP's denial of a valid
protest.

### A.    Factual Allegations in Larson-Juhl's Complaint Should be Assumed as True

Defendant's Motion to Dismiss is a clear example of failing to see the forest for the trees.
Defendant exhaustively devotes 15 pages to manipulate the procedural posture of this dispute
into an issue related to CBP's entry and prior disclosure procedures. Should the Court focus on

the trees in the forest, it becomes clear that Defendant improperly mischaracterizes Larson-Juhl's injury.

Larson-Juhl's complaint adequately pleads facts and asserts jurisdiction under 28 U.S.C. § 1581(a) for CBP's denial of protest. *See, e.g.,* Pl. Compl. at 4, ¶ 21 (Larson-Juhl "protested the liquidation of its entries as Type 01 entries and alleged that the entries should have been designated as Type 03 instead, as specified in the prior disclosure, and that liquidation should have been suspended pursuant to 19 U.S.C. § 1671b(d)(2) and 19 U.S.C. § 1673b(d)(2) because the entries were covered by the ongoing administrative reviews at the DOC."). The protest challenged CBP's refusal to reliquidate the entries, reset the entry type to 03 and suspend liquidation as required by the instructions issued by Commerce during its initial investigation. *See* CBP Message No. 0226401, Notice of preliminary determination in the antidumping duty investigation of wood mouldings and millwork products from the People's Republic of China (A-570-117) at ¶ 4, *effective* Aug. 12, 2020; CBP Message No. 1007403, Notice of final determination in the antidumping duty investigation of wood mouldings and millwork products from the People's Republic of China (A-570-117) at ¶ 4, *effective* Jan. 4, 2021; CBP Message No. 1053401, Suspension of liquidation and requirement for cash deposit only concerning the antidumping duty order and amended final determination on wood mouldings and millwork products from the People's Republic of China (A-570-117) at ¶ 3, *effective* Feb. 17, 2021. The denial of the protest injured Larson-Juhl by blocking its opportunity to obtain a lower AD/CVD rate through participation in the administrative review of the Orders.

By contrast, Defendant attempts to rewrite Larson-Juhl's complaint as injury due to CBP's acceptance of Larson-Juhl's prior disclosure and tender of payment. *See* Def. Mot. Dismiss at 1, 15-18. Defendant's mischaracterizations of Laron-Juhl's complaint are factually

flawed and wholly inappropriate for a Motion to Dismiss. As outlined above, in deciding a motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" *United States v. Islip*, 22 CIT 852, 854, 18 F.Supp.2d 1047, 1051 (1998) (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed.Cir.1991)). But for the CBP's improper administration of the protest process and ultimate denial of Larson-Juhl's protests as set forth in Larson-Juhl's complaint, Larson-Juhl would not have suffered an injury in fact. This Court should afford Larson-Juhl all reasonable inferences in its favor and should not permit Defendant to misconstrue and rewrite Larson-Juhl's injury through a Motion to Dismiss.

> **B.    Larson-Juhl Filed Valid and Timely Protests with CBP that Adequately Give the Court Jurisdiction Over this Dispute**

While Defendant bases its entire Motion to Dismiss on mischaracterizations of Larson-Juhl's injury, Defendant fails to simply acknowledge the one prerequisite for bringing a dispute under 28 U.S.C. § 1581(a), which is the filing of valid and timely protests. Instead of acknowledging this requirement for subject matter jurisdiction, Defendant goes into lengthy details explaining the legal background for the entry process, liquidations, and prior disclosures, all of which bear no weight on a jurisdictional determination under 28 U.S.C. § 1581(a). *See* Def. Mot. Dismiss at 2-10. Pursuant to 28 U.S.C. § 1581(a), however, this Court needs only to examine whether Larson-Juhl filed timely and valid protests with CBP when ruling on Defendant's Motion to Dismiss.

In contrast to Defendant's mischaracterizations discussed above, Larson-Juhl is not bringing this action and asserting jurisdiction to challenge CBP's acceptance of the prior disclosure and tender of payment. Instead, Larson-Juhl brings this action for its denied protests and is asserting jurisdiction under 28 U.S.C. § 1581(a), which specifically states that this Court

"shall have exclusive jurisdiction of any civil action commenced to contest the *denial of a protest*, in whole or in part, …" (emphasis added), *see* Pl.'s Complaint at 2, ¶ 6. Therefore, a plaintiff which filed a valid protest secures the subject matter jurisdiction of this Court for such disputes, pursuant to 28 U.S.C. § 1581(a). *Computime*, 772 F.2d at 879.

Title 19 U.S.C. § 1514(c)(1) states that in order for a protest to be valid, it must set forth distinctly and specifically:

(A) each decision described in subsection (a) as to which protest is made;

(B) each category of merchandise affected by each decision set forth under paragraph (1);

(C) the nature of each objection and the reasons therefor; and

(D) any other matter required by the Secretary by regulation.

In interpreting 19 U.S.C. § 1514(c)(1) this Court has held that a protest is valid and subject to the Court's jurisdiction if it is "sufficiently distinct and specific to enable the Customs Service to know what is in the mind of the protestant." *Computime*, 772 F.2d at 879. This question of a protest's sufficiency is one of fact. *See Am. Nat'l Fire Ins. Co. v. United States*, 441 F. Supp. 2d 1275, 1282 (CIT 2006). In its motion, Defendant examines in detail the types of protestable decisions under 19 U.S.C. § 1514 to argue against the validity of Larson-Juhl's protests. While Larson-Juhl disagrees with Defendant's description of these protests so as to fall outside the enumerated protestable decisions, Larson-Juhl emphasizes that many courts have found protests to be valid even though they don't meet the strict criteria of § 1514. *See e.g.*, *Cisco Systems, Inc. v. United States of America*, 804 F.Supp.2d 1326, 1596  (CIT 2021) (ruling that "{a} protest has been deemed valid and therefore confers jurisdiction as long as it is 'sufficiently distinct and specific to enable the Customs Service to know what is in the mind of

the protestant.") (quoting *United States v. Parlsmith Corp.*, 62 C.C.P.A. 76, 82, 415 F.2d 1052 (1975)); *see also Eaton Mnfr. Co., v. United States*, 60 C.C.P.A. 23, 30, 469 F.2d 1098 (1972) (ruling that the "denial of jurisdiction for insufficiency of protest is a severe action which should be taken only sparingly."). Courts have also ruled that the "general rule {is} that customs protests are to be construed 'generously in favor of finding them valid.'" *Koike Aronson, Inc. v. United States*, 165 F.3d 906, 908 (1999).

Here, Larson-Juhl's protests were timely, valid, and sufficient to give rise to the Court's jurisdiction over this dispute. At no point does Defendant argue that Larson-Juhl's protests were insufficient to allow CBP to know what was in the mind of the protestant. In fact, Defendant's detailed procedural posture demonstrates that CBP had a clear understanding of what was in the mind of the protestant, despite Larson-Juhl's disagreement with Defendant's characterizations of the facts. Larson-Juhl filed protests on July 7, 2022, within 180 days of liquidation on May 20, 2022. *See* Pl. Summons. Larson-Juhl sufficiently described the basis for its protests to be CBP's failure to comply with Commerce's instructions to suspend liquidation and collect the appropriate AD and CVD duties in accordance with Commerce's instructions. *See* Pl. Complaint at 2, 4, ¶ ¶ 8, 21. The filed protests sufficiently outlined to CBP each decision at dispute with respect to the nine entries. Larson-Juhl explained that instead of following the correct AD and CVD rates specified by Commerce as outlined in CBP's message No. 0226402, dated August 13, 2020, and message No. 0169404, dated June 17, 2020, CBP liquidated the entries as entered. Consequently, Larson-Juhl protested the liquidation of these entries and specifically outlined the unlawful bases of CBP's failure to comply with Commerce's AD and CVD instructions and its failure to designate the protested entries as Type 03 despite CBP's acceptance of Larson-Juhl's prior disclosure and its tender of AD/CVD duties.

Therefore, Larson-Juhl adequately protested CBP's decisions in a timely manner and requested the suspension of liquidation. CBP's later decision to deny these protests is the reason Larson-Juhl is bringing this dispute before this Court.

### C.   Defendant Improperly Construes the Filing of Post Summary Corrections as a Prerequisite to a Valid Protest

In supporting its motion, Defendant erroneously interprets the requirements to bring a claim under 28 U.S.C. § 1581(a) challenging the denial of a protest as to necessitate the filing of a PSC prior to protesting. Defendant states that "the most assured way for plaintiff to protect its right to protest was the filing of PSCs in addition to a prior disclosure." Def. Mot. Dismiss at 16. Defendant further adds that filing a PSC is "the sole method for trade to electronically correct entry summaries prior to liquidation." *Id.* However, what Defendant fails to acknowledge is that filing PSC is neither a required remedial option under the Customs regulations nor a prerequisite for protesting liquidation with CBP. In fact, nothing in the Customs regulations indicates that filing PSC is the only *required* way to correct an entry type from Type 01 to Type 03. *See generally* 19 U.S.C. §§ 1484 and 1485. The fact that Larson-Juhl submitted a prior disclosure letter but not a PSC does not render the protests that followed invalid, nor does it remove the subject matter jurisdiction of this Court to adjudicate the protested entries in this case.

Moreover, the PSC process is not even mentioned in the Customs regulations. Rather the PSC process was created as a processing test through a Federal Register notice. It has never been codified into the Customs regulations. *See* Post-Entry Amendment (PEA) Processing Test: Modification, Clarification, and Extension, 76 Fed. Reg. 37136 (June 24, 2011); Post-Summary Corrections to Entry Summaries Filed in ACE Pursuant to the ESAR IV Test, 76 Fed. Reg. 37136 (June 24, 2011); *see also* Modification and Clarification of the National Customs Automation Program Tests Regarding Post-Summary Corrections and Periodic Monthly Statements;

Republication With Correction and Further Clarification, 82 Fed. Reg. 2385 (Jan. 9, 2017). Put differently, the PSC process has not been codified into the Customs Regulations and has not gone through the required notice of proposed rulemaking which allows interested parties to comment on the proposal. Moreover, in the Federal Register Notice announcing the PSC test, CBP specifically requested that "participants not use submissions made under this test as a means of submitting a prior disclosure under 19 U.S.C. 1592." 76 Fed. Reg. 37136 (June 24, 2011). Similarly, nothing in 19 C.F.R. § 162.74 governing the requirements of filing prior disclosure mentions a requirement for filing PSC simultaneously.

Therefore, even if Larson-Juhl could have mitigated potential penalties by filing PSCs, as Defendant argues, such a filing would have been only one option for Larson-Juhl rather than a mandatory remedial route that must be initially followed to protect one's ability to bring a claim with this Court. Instead, Larson-Juhl elected to file timely protests with CBP of all liquidated entries, which is exactly the prerequisite for bringing a claim before this Court under 28 U.S.C. § 1581(a).

Accordingly, the fact that Larson-Juhl did not file PSCs does not dispossess the Court of its jurisdictional authority to decide the case and to determine the legality of CBP's decision of denying the protested entries.

### III.   Alternatively, the Court's Residual Jurisdiction Under the Customs Courts Act of 1980 Confers Subject Matter Jurisdiction Over this Dispute

Without conceding the foregoing, even if the Court were to accept Defendant's procedural posture and jurisdictional theories on its face, dismissal would not be the appropriate response. Instead, the appropriate response would be for the Court to grant leave to amend the complaint pursuant to USCIT Rule 15(a)(2).

The Court possesses sweeping subject matter jurisdiction "to decide *any* civil action against the United States, its officers, or its agencies arising out of *any* law pertaining to international trade." About the Court - Jurisdiction of the Court, United States Court of International Trade (cit.uscourts.gov/about-court) (emphasis added); *see* Customs Courts Act of 1980, Pub. L. 96-417, Title II, § 201, Oct. 10, 1980, 94 Stat. 1728, *as amended* Pub. L. 116-113, Title IV, § 423(a)(1), Jan. 29, 2020, 134 Stat. 65; *see also* 28 U.S.C.A. § 1581(i)(1). The Court's authority to decide such a breadth of actions comes from a residual grant of exclusive jurisdictional authority under the Customs Courts Act of 1980. About the Court - Jurisdiction of the Court, United States Court of International Trade (cit.uscourts.gov/about-court); Customs Courts Act of 1980. This residual grant of exclusive jurisdictional authority is in addition to the enumerated disputes, as defined by the Constitution or based on specific laws enacted by Congress, which also give rise to the Court's subject matter jurisdiction. *See* Customs Courts Act of 1980; 28 U.S.C.A. § 1581(i)(1)(B, D) (stating that the Court's jurisdiction extends to "any civil action commenced against the United States" arising out of any law providing for -- (B) "tariffs, duties, fees, or other taxes on the importation of merchandise" or (D) "administration and enforcement with respect to the matters" including denial of a protest).

The Larson-Juhl dispute is undeniably a civil action against the United States arising out of a law pertaining to international trade. Defendant makes no argument to the contrary. *See generally* Def. Mot. Dismiss. Larson-Juhl's complaint commences this civil action against CBP's denial of an administrative protest, pursuant to 28 U.S.C. § 1581(a). Although Larson-Juhl disagrees with Defendant's characterization of this dispute, even Defendant asserts that "plaintiff's claim with respect to eight of the nine entries at issue is CBP's acceptance of its prior disclosure and voluntary tender payment. . . ." Def. Mot. Dismiss at 1. Thus, although Laron-Juhl

maintains that 28 U.S.C. § 1581(a) is the appropriate jurisdictional authority for this dispute, even Defendant's characterization of this dispute squarely falls within the Court's broad subject matter jurisdiction pursuant to the Customs Courts Act of 1980. *See* Customs Courts Act of 1980; 28 U.S.C.A. § 1581(i)(1)(B) (expressly stating that the Court's jurisdiction extends to "any civil action commenced against the United States" arising from any law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise.").

Moreover, granting Defendant's Motion to Dismiss would violate the "essential purpose" of the Customs Courts Act of 1980 by depriving Larson-Juhl of the "same access to judicial review and judicial remedies as Congress has made available for persons aggrieved by actions of other agencies." About the Court - Jurisdiction of the Court, United States Court of International Trade (cit.uscourts.gov/about-court) (emphasis added); *see* Customs Courts Act of 1980, Legislative History from Hon. Peter W. Rodino, Jr., Chairman, Committee on the Judiciary, House of Representatives Legislative History.

**<u>CONCLUSION</u>**

For the foregoing reasons, Larson-Juhl respectfully requests that this Court deny Defendant's Motion to Dismiss and hold that, as a matter of law, this Court has subject matter jurisdiction arising from 28 U.S.C. § 1581(a) over eight of the nine protested entries presented by Larson-Juhl in this action. As an alternative, the Court has subject matter jurisdiction over these entries pursuant to its residual jurisdiction under the Customs Courts Act of 1980. Larson-Juhl does not contest Defendant's arguments with respect to the ninth entry, namely Entry No. T81-7259803-9, identified in Plaintiff's Complaint at paragraph 15.

Respectfully Submitted,

/s/ R. Kevin Williams
Mark Ludwikowski
Kelsey Christensen
Sally Alghazali

**CLARK HILL, PLC**
Attorneys for Plaintiff
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
(312) 985-5907
kwilliams@clarkhill.com

Dated: February 12, 2024

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this submission complies with the word limitation requirement. The word count for this submission, as computed by Clark Hill's word processing system Microsoft Office Professional, is <u>3,582</u> words.

<u>/s/ R. Kevin Williams</u>
R. Kevin Williams

*Counsel to Plaintiff Larson-Juhl, LLC*

Date: February 12, 2024

<u>**CERTIFICATE OF SERVICE**</u>

A true and accurate copy of the foregoing was electronically filed on February 12, 2024,

via the Court's ECF filing system, which automatically serves notice on counsel of record.

<u>/s/ R. Kevin Williams</u>
R. Kevin Williams

*Counsel to Plaintiff Larson-Juhl,*
*LLC*

Date: February 12, 2024