UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| LARSON-JUHL US LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 23-00032 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S REPLY MEMORANDUM**
<u>**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**</u>

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

Of Counsel:
TAYLOR R. BATES
Office of the Assistant
Chief Counsel
International Trade Litigation
U.S. Customs and Border
Protection

HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

March 4, 2024                                          Attorneys for Defendant

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................... 2

    I.   The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) ...................... 2

    II.  The Court Should Deny Plaintiff's Request In The Alternative To Amend The Complaint To Assert Jurisdiction Under 28 U.S.C. § 1581 ...................................... 6

CONCLUSION .................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*AutoAlliance Int'l, Inc. v. United States*,
   398 F. Supp. 2d 1326 (Ct. Int'l Trade 2005) ............................................................ 6

*Mitsubishi Elecs. Am., Inc. v. United States*,
   44 F.3d 973 (Fed. Cir. 1994) ..................................................................................... 3

*Playhouse Import & Export, Inc. v. United States*,
   843 F. Supp. 716 (Ct. Int'l Trade 1994) .................................................................. 3

**Statutes**

19 U.S.C. § 1337 .............................................................................................................. 2

19 U.S.C. § 1500 .............................................................................................................. 3

19 U.S.C. § 1504 .............................................................................................................. 3

19 U.S.C. § 1514(a) ............................................................................................. 1, 2, 3, 4, 5

19 U.S.C. § 1514(a)(5) .................................................................................................. 3, 5

19 U.S.C. § 1514(c)(1) ..................................................................................................... 4

19 U.S.C. § 1520 .............................................................................................................. 3

19 U.S.C. § 1592 .............................................................................................................. 5

28 U.S.C. § 1581(a) ................................................................................................. *passim*

28 U.S.C. § 1581(a)(5) ................................................................................................. 3

28 U.S.C. § 1581(i) ...................................................................................................... 6

28 U.S.C. § 2632(a) ..................................................................................................... 6

**<u>Rules</u>**

USCIT Rule 3(a)(3) ..................................................................................................... 6

USCIT Rule 15(a)(2) ................................................................................................... 6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| LARSON-JUHL US LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 23-00032 |
| UNITED STATES, | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant, United States (the Government), submits this reply memorandum in further support of its motion that this action be dismissed for lack of subject matter jurisdiction. In our moving papers, we demonstrated that the Court does not possess jurisdiction over this action under 28 U.S.C. § 1581(a) because the true nature of plaintiff's claim with respect to eight of the nine entries at issue is U.S. Customs and Border Protection's (CBP) acceptance of its prior disclosure and voluntary tender payment, which is not a protestable decision set forth in 19 U.S.C. § 1514(a).[1]

Plaintiff disagrees and argues that the true nature of its claim is solely a challenge to the liquidation of its entries where CBP failed to comply with the Department of Commerce's (Commerce) instructions and failed to designate its entries as type 03 (*i.e.*, subject to antidumping and countervailing duties), which plaintiff claims are protestable

---

[1] We also demonstrated that the Court does not possess jurisdiction over the ninth entry, Entry No. T81-7259803-9, because plaintiff lacks standing with respect to that entry. Plaintiff does not contest that the Court does not possess jurisdiction over the ninth entry. *See* Pl. Br. at 1, 12.

decisions giving rise to the Court's jurisdiction under 28 U.S.C. § 1581(a). Yet, CBP did not assess antidumping and countervailing duties at liquidation due to plaintiff incorrectly declaring its entries as type 01 (*i.e.*, as not subject to antidumping/countervailing duties), and plaintiff's characterization of its cause of action does not align with plaintiff's contention that CBP failed to take the aforementioned actions "despite CBP's acceptance of Larson-Juhl's prior disclosure and its tender of AD/CVD duties." Pl. Br. at 2, 8.

Also, plaintiff's argument cannot be reconciled with its agreement that no jurisdiction exists over the nineth protested entry. Plaintiff agrees that no jurisdiction exists over the liquidation of the entry that was not covered by its prior disclosure (*i.e.*, Entry No. T81-7259803-9), which only further illustrates that plaintiff is actually challenging CBP's acceptance of the voluntary tender accompanying its prior disclosure. Thus, contrary to plaintiff's assertions, the true nature of its complaint is a challenge to CBP's acceptance of the prior disclosure and the accompanying voluntarily tendered payment over which no jurisdiction exists. Thus, for the reasons stated in our moving papers and below, the Court should dismiss this action.

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a)

As set forth in the Government's opening brief, 28 U.S.C. § 1581(a) grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." The types of CBP decisions that are protestable are enumerated in 19 U.S.C. § 1514(a), and they include:

1. the appraised value of merchandise;

2

2. the classification and rate and amount of duties chargeable;

3. all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

4. the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under [19 U.S.C. § 1337];

5. the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof, including the liquidation of an entry, pursuant to either [19 U.S.C. § 1500] or [19 U.S.C. § 1504];

6. the refusal to pay a claim for drawback; or

7. the refusal to reliquidate an entry under subsection (d) of [19 U.S.C. § 1520].

"Section 1581(a) provides no jurisdiction for protests outside these exclusive categories." *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 976 (Fed. Cir. 1994) (citing *Playhouse Import & Export, Inc. v. United States*, 843 F. Supp. 716, 719 (Ct. Int'l Trade 1994)).

Here, plaintiff asserts jurisdiction under section 1581(a)(5), *see* Summons and Compl. ¶¶ 3, 6, and claims to be contesting CBP's liquidation of its entries. Compl. ¶¶ 11, 13, 15, 17, 21. Specifically, plaintiff's complaint identifies CBP's decisions to liquidate each of the subject entries without the assessment of antidumping and countervailing duties as the protestable decisions under section 1514(a)(5). The true nature of plaintiff's complaint, however, is a challenge to CBP's decision to accept its prior disclosure and accompanying voluntary tender, which is a separate and distinct decision from the liquidation of its entries and not encompassed by the protestable

3

decisions set forth in section 1514(a). Therefore, the Court does not have jurisdiction over this action under section 1581(a).

In response, plaintiff contends that it has satisfied the "sole prerequisite" for jurisdiction under section 1581(a) – namely, the filing of valid and timely protests. Pl. Br. at 1-2; *see also* Pl. Br. at 6-9. Specifically, plaintiff believes that jurisdiction exists because it filed protests within 180 days of the liquidation of its entries and satisfied the requirements of 19 U.S.C. § 1514(c)(1). Pl. Br. at 8. Plaintiff also contends that its challenge is not to CBP's acceptance of the prior disclosure and tender of payment but rather to CBP's failure to comply with Commerce's instructions to suspend liquidation and CBP's failure to designate the protested entries as type 03. Pl. Br. at 4-9. Plaintiff's argument lacks merit for the following reasons.

While it may be true that plaintiff filed a timely protest with CBP, the relevant inquiry here for jurisdiction under section 1581(a) is whether the true nature of plaintiff's action involves a protestable decision. Contrary to plaintiff's assertion, the true nature of the action is a challenge to CBP's acceptance of plaintiff's prior disclosure and voluntarily tendered payment, which is not a category of protestable decisions set forth in section 1514(a). Indeed, plaintiff is bringing this action to challenge CBP's failure to follow Commerce's instructions to suspend liquidation of the subject entries and collect appropriate antidumping and countervailing duties "*despite CBP's acceptance of Larson-Juhl's prior disclosure and its tender of AD/CVD duties*." Pl. Br. at 2, 8 (emphasis added). It follows from Larson's characterization of its claims that were it not for CBP's acceptance of the prior disclosure and tendered payment, it would have no basis to challenge the liquidation of its entries. This is because CBP did not assess antidumping

4

and countervailing duties at liquidation due to plaintiff incorrectly declaring its entries as type 01 (*i.e.*, as not subject to antidumping/countervailing duties). Moreover, the fact that plaintiff does not contest the liquidation of the entry that was not covered by its prior disclosure (*i.e.*, Entry No. T81-7259803-9) only further illustrates that plaintiff is actually challenging CBP's acceptance of the voluntary tender accompanying its prior disclosure. Thus, the Court does not possess jurisdiction under 28 U.S.C. § 1581(a) over the eight entries covered by the prior disclosure.

Plaintiff further takes issue with our discussion of the post summary correction (PSC) process to correct certain errors in the original entry summary paperwork for unliquidated entries. Pl. Br. at 9-10. Specifically, plaintiff argues that the Government "erroneously interprets the requirements to bring a claim under 28 U.S.C. § 1581(a) challenging the denial of a protest as to necessitate the filing of a PSC prior to protesting." Pl. Br. at 9. Plaintiff misconstrues the Government's position. Filing a PSC, while not a "mandatory remedial route" to jurisdiction (Pl. Br. at 10), was an option available to plaintiff to correct the erroneous designation of its entries as type 01 instead of type 03. As explained in our opening brief (Def. Br. at 16-17), had plaintiff filed the PSCs, as it indicated it would in its first prior disclosure letter, CBP would have likely suspended liquidation of the subject entries and/or assessed antidumping and countervailing duties at liquidation in accordance with Commerce's instructions. Plaintiff could have then protested CBP's decision under 19 U.S.C. § 1514(a)(5) if it disagreed with the agency's actions, and subsequently challenged any denial of that protest under 28 U.S.C. § 1581(a). But CBP's acceptance of plaintiff's prior disclosure and accompanying voluntary tender does not by itself constitute a protestable decision

5

under section 1514(a). Rather, the sole effect of CBP's acceptance of the prior disclosure was to mitigate the amount of penalties incurred by plaintiff under 19 U.S.C. § 1592 for improperly identifying the subject entries as type 01 instead of type 03. Thus, plaintiff's arguments related to the PSC process are inapposite to the jurisdictional question before the Court.

## II. The Court Should Deny Plaintiff's Request In The Alternative To Amend The Complaint To Assert Jurisdiction Under 28 U.S.C. § 1581(i)

In the alternative, plaintiff requests leave to amend the complaint pursuant to USCIT Rule 15(a)(2) to assert jurisdiction under 28 U.S.C. § 1581(i). Pl. Br. at 2, 10-12. The Court should deny plaintiff's request because amending the complaint to assert section 1581(i) jurisdiction is improper. Pursuant to 28 U.S.C. § 2632(a)[2] and USCIT Rule 3(a)(3), a civil action described in section 1581(i) is commenced by filing a summons and complaint concurrently. *See AutoAlliance Int'l, Inc. v. United States*, 398 F. Supp. 2d 1326, 1335 (Ct. Int'l Trade 2005) (finding that plaintiff's failure to file a concurrent summons and complaint that alleged section 1581(i) jurisdiction divested the Court of subject matter jurisdiction).

Here, plaintiff filed its summons on February 10, 2023 (ECF No. 1) and complaint on March 30, 2023 (ECF No. 8), alleging jurisdiction under section 1581(a) only. Because plaintiff failed to follow the procedural requirement to concurrently file the summons and complaint to bring an action under section 1581(i), the Court should

---

[2] 28 U.S.C. § 2632(a) states that with limited exceptions, "a civil action in the Court of International Trade shall be commenced by filing *concurrently* with the clerk of the court a summons and complaint . . . ." (emphasis added).

6

deny plaintiff's request to amend the complaint to now include a claim under the Court's residual jurisdiction.

## **CONCLUSION**

For the foregoing reasons and those in the Government's opening brief, this Court should dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:  /s/ Justin R. Miller
      JUSTIN R. MILLER
      Attorney-In-Charge
      International Trade Field Office

      /s/ Aimee Lee
      AIMEE LEE
      Assistant Director

Of Counsel:        /s/ Hardeep K. Josan
TAYLOR R. BATES        HARDEEP K. JOSAN
Office of the Assistant        Trial Attorney
Chief Counsel        International Trade Field Office
International Trade Litigation        Department of Justice, Civil Division
U.S. Customs and Border        Commercial Litigation Branch
Protection        26 Federal Plaza, Room 346
      New York, New York 10278
      (212) 264-9245 or 9230
March 4, 2024        Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE**

I, Hardeep K. Josan, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated March 4, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 1,665 words.

/s/ Hardeep K. Josan